UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

OCEAN SEMICONDUCTORS LLC,

     *Plaintiff,*

v.                                  No. 24-cv-11759-PBS

ANALOG DEVICES INC.,

     *Defendant.*

## DISCOVERY ORDER ON PLAINTIFF'S MOTION TO COMPEL FOLLOW-ON DEPOSITION TOPICS AND INTERROGATORIES

LEVENSON, U.S.M.J.

### INTRODUCTION

Consistent with my procedural order, Plaintiff Ocean Semiconductors LLC ("Ocean") has initiated a discovery conference by email to the Deputy Clerk for my session (sent October 10, 2025). Defendant Analog Devices Inc. ("ADI") provided its position on the discovery dispute by filing a letter to the docket on October 13, 2025. Docket No. 82.

On October 14, 2025, I heard from the parties (via remote proceeding) on the topics at issue. Docket No. 83. The parties were directed to confer and provide a list of interrogatories or follow-up questions. *Id.* The parties reported that they were unable to reach consensus, and emailed a joint position statement for follow-up discovery to the Deputy Clerk on October 24, 2025. *See* Docket No. 88.

I treat Ocean's emails, together with Ocean's oral presentation, as a motion to compel, and I rule as follows:

**A.      Additional Deposition Testimony from ADI**

DENIED:

Ocean seeks to conduct additional depositions regarding eight enumerated "topic areas." *See* Docket No. 88 at 8–15. However, Ocean's completed deposition of ADI's 30(b)(6) witness repeatedly delved into questions that were not grounded in the claims of the '691 patent filed on May 1, 2003, and issued on December 28, 2004. *See* Memorandum and Order, Docket No. 42 at 4. In particular, by seeking to expand the areas of inquiry beyond the collection and filtering of metrology data, Ocean's inquiries are marginally, if at all, relevant to Ocean's claim or ADI's defense.  As Judge Saris has noted:

> The '691 patent . . . discloses "a method and apparatus for filtering metrology data based on collection purpose in a semiconductor device manufacturing environment." '691 patent at 1:9–12. In general, the '691 patent teaches a method that involves collecting metrology data, determining the collection purpose for that data (e.g., process control purposes, fault detection purposes), and filtering the data based on its purpose.

Memorandum and Order, Docket No. 42 at 4.

**B.      Interrogatories**

ALLOWED in part and DENIED in part:

Ocean has identified sixteen broad interrogatories for which it seeks to compel responses from ADI. *See* Docket No. 88 at 16–28. These interrogatories are broadly inclusive of topics that may bear on Ocean's claims. They are not, however, tailored to meet the needs of this case.

Accordingly, Ocean's motion to compel as to the interrogatories is allowed, as follows:

> ADI shall respond to the proposed interrogatories only to the extent that the information requested relates to ADI's use of Discover products or servers used for (a) collecting metrology data related to the processing of workpieces; (b) filtering such metrology data; or (c) conducting a process control activity based on filtered metrology data. To the extent that the answer to the interrogatory does *not* relate to (a), (b), or (c) above, ADI shall state as such, and no further answer is necessary.

Otherwise, Ocean's motion to compel interrogatories is denied.

CONCLUSION

For the forgoing reasons, the motion is DENIED except as to the proposed interrogatories, as to which the motion is ALLOWED in part and DENIED in part.[1]


/s/ Paul G. Levenson
Paul G. Levenson
U.S. MAGISTRATE JUDGE

Dated: November 6, 2025

---

[1] The parties are advised that under Rule 72(a) of the Federal Rules of Civil Procedure and Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party seeking review by a district judge of these determination(s) and order(s) must serve and file any objections within fourteen days of being served a copy of this order, unless a different time is prescribed by the magistrate judge or the district judge. *See* Fed. R. Civ. P. 72(a). Such objections must specifically designate the order, or part, to be modified or set aside and the basis for objection. The district judge will set aside any portion of the magistrate judge's order that is found to be clearly erroneous or contrary to law. The parties are further advised that failing to follow the objection procedures of Rule 2(b) may preclude further appellate review. *See Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999); *Sunview Condo. Ass'n v. Flexel Int'l, Ltd.*, 116 F.3d 962, 964–65 (1st Cir. 1997).