UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

OCEAN SEMICONDUCTORS LLC,

    *Plaintiff,*

v.

ANALOG DEVICES INC.,

    *Defendant.*

No. 24-cv-11759-PBS

**DISCOVERY ORDER ON PLAINTIFF'S MOTION
TO COMPEL THIRD-PARTY CORPORATE
DESIGNEE FOR DEPOSITION**

LEVENSON, U.S.M.J.

INTRODUCTION

Consistent with my procedural order, Plaintiff Ocean Semiconductors LLC ("Ocean") has initiated a discovery conference by email to the Deputy Clerk for my session (sent October 31, 2025). On November 6, 2025, I heard from the parties (via remote proceeding) on the topics listed in the email.

I treat the email from Ocean's counsel (which I direct the clerk to add to the docket), together with Ocean's oral presentation, as a motion to compel Onto, a third-party subpoena recipient, to produce a corporate designee for deposition. For the following reasons, the request is denied.

Ocean seeks the deposition of a corporate witness, claiming that Onto's search for documents responsive to Ocean's subpoena was deficient. Onto's counsel has represented in an email to Ocean's counsel and to the Court during the hearing on November 6, 2025, that Onto

has double-checked to confirm that Onto does not have responsive documents or information relevant to whether its software was used by ADI to collect or analyze metrology data and whether Onto had knowledge of ADI's use of Onto equipment for that purpose. This is adequate. Ocean's request for deposition testimony to "prove a negative" appears excessive and would subject Onto to an "undue burden." *See* Fed. R. Civ. P. 45(d)(3)(A)(iv) ("On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: subjects a person to undue burden."). Gauged by the standards of Rule 26, the requested follow-up is not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . .").

For the forgoing reasons, the motion to compel the deposition of a third-party corporate designee is DENIED.[1]

Dated: November 6, 2025

/s/ Paul G. Levenson  
Paul G. Levenson  
U.S. MAGISTRATE JUDGE

---

[1] The parties are advised that under Rule 72(a) of the Federal Rules of Civil Procedure and Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party seeking review by a district judge of these determination(s) and order(s) must serve and file any objections within fourteen days of being served a copy of this order, unless a different time is prescribed by the magistrate judge or the district judge. *See* Fed. R. Civ. P. 72(a). Such objections must specifically designate the order, or part, to be modified or set aside and the basis for objection. The district judge will set aside any portion of the magistrate judge's order that is found to be clearly erroneous or contrary to law. The parties are further advised that failing to follow the objection procedures of Rule 2(b) may preclude further appellate review. *See Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999); *Sunview Condo. Ass'n v. Flexel Int'l, Ltd.*, 116 F.3d 962, 964–65 (1st Cir. 1997).